# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **BOBBY EDWARD SMITH,** | )<br>) |
| Plaintiff, | ) Case No. 7:17CV00037<br>) |
| v. | ) **OPINION**<br>) |
| **SOUTHWEST REGIONAL JAIL AUTHORITY,** | ) By: James P. Jones<br>) United States District Judge<br>) |
| Defendant. | )<br>) |

*Bobby Edward Smith, Pro Se Plaintiff.*

Bobby Edward Smith, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that he slipped, fell and was injured, and did not receive proper medical care. Upon review of the record, I find that the action must be summarily dismissed for failure to state a claim.

Smith sues the "Southwest Reginal Jail Authoriy Duffield Vaginia [sic]" (the "Jail Authority"). Compl. 1, ECF No. 1. Smith alleges that on May 12, 2016, while playing basketball in a jail gymnasium, he "ran into a pool of water" about twenty to thirty feet from the bathroom. *Id.* at 3. His feet slipped, and he landed "very hard" on his back, neck, arms, and buttock areas, and his "head slam[m]ed against the concrete floor." *Id.* Other inmates helped him up and called officers, who took Smith to the medical unit. A nurse took his vital signs and gave him

some Tylenol. Smith contends: "Upon falling [I] ask them for help. They want [sic] do nothing. [I] didn't want it to come to this. [T]hey left me no choi[c]e." *Id.* at 2. Smith states that he has been in "constant pain" and needs surgery on both arms. *Id.*

Under 28 U.S.C. § 1915(A)(b)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarrantano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).[1]

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). To prove that a governmental entity, such as a local jail authority, is liable under § 1983 for constitutional violations committed by its employees, the plaintiff must show that the entity's policy was "the moving force of the constitutional violation." *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . .

---

[1] I have omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. NYC Dep't of Soc. Serv.,* 436 U.S. 658, 690 (1978). Because Smith states no facts linking any of the circumstances alleged in his § 1983 action to a specific policy or decision "officially adopted" by the governing body of the Jail Authority, his Complaint fails to state an actionable claim against this entity, the only defendant that he has named. Therefore, I must summarily dismiss this action without prejudice under § 1915A(b)(1).[2]

---

[2] In any event, I am satisfied that Smith could not amend his pleading to state any actionable constitutional claim against anyone at the jail, consistent with his current allegations. The Eighth Amendment prohibition against cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To prove a constitutional claim related to an unsafe jail condition, Smith must show that one or more prison officials acted with deliberate indifference: that they knew, subjectively, the condition presented a substantial risk of serious harm and nevertheless failed to take "reasonable measures" to alleviate it. *Farmer v. Brennan*, 511 U.S. 825, 834, 847 (1994). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not . . . [cannot] be condemned as the infliction of punishment." *Id.* at 838.

Similarly, only deliberate indifference to an inmate's serious medical need violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Again, the deliberate indifference component of this standard requires proof of intent beyond mere negligence, errors in medical judgment, inadvertent oversights, or disagreements the prisoner may have with the medical staff about the appropriate treatment plan. *See Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014).

Smith's allegations do not support a claim that anyone at the jail acted with deliberate indifference to the hazard presented by the wet gymnasium floor or to any serious medical need for different treatment than Smith received after his fall. At the most, he suggests that jail staff negligently maintained the bathroom and gymnasium facilities and that medical personnel negligently assessed his need for medical care. Such

A separate Final Order will be entered herewith.

DATED: April 13, 2017

/s/ James P. Jones
United States District Judge

---

negligence cannot support a claim of unconstitutional punishment so as to be actionable under § 1983.